**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4496**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

KEVIN JEROME MORRIS,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Frank D. Whitney,
Chief District Judge.  (3:13-cr-00074-FDW-1)

_____

Submitted:  December 22, 2014        Decided:  January 7, 2015

_____

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

_____

Eric C. Bohnet, Indianapolis, Indiana, for Appellant.   Amy
Elizabeth Ray, Assistant United States Attorney, Asheville,
North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Jerome Morris appeals his convictions and sentence imposed following his guilty plea, pursuant to a written Fed. R. Crim. P. 11(c)(1)(C) agreement, to conspiracy to participate in racketeering activity (RICO conspiracy), 18 U.S.C. § 1962(d) (2012); conspiracy to distribute and possess with intent to distribute cocaine and twenty-eight grams or more of cocaine base, 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846 (2012); and illegal use of a communication facility in furtherance of a drug transaction, 21 U.S.C. § 843(b) (2012). Morris' counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal. We affirm in part and dismiss in part.

In accordance with Anders, we have reviewed the record in this case, as well as Morris' pro se supplemental brief, and have found no meritorious issues. Before accepting Morris' guilty plea, the district court conducted a thorough plea colloquy, satisfying the requirements of Rule 11 and ensuring that Morris' plea was knowing, voluntary, and supported by an independent factual basis. See United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991).

Turning to Morris' sentence, we note that Morris and the Government stipulated to a sentence as provided by Rule

2

11(c)(1)(C). Pursuant to 18 U.S.C. § 3742(a), (c) (2012), "[w]here a defendant agrees to and receives a specific sentence, he may appeal the sentence only if it was (1) imposed in violation of the law, (2) imposed as a result of an incorrect application of the Guidelines, or (3) is greater than the sentence set forth in the plea agreement." United States v. Calderon, 428 F.3d 928, 932 (10th Cir. 2005). Here, the district court imposed the specific sentence to which Morris agreed, the sentence did not exceed the statutory maximum for any of the convictions, and the Guidelines range was calculated based upon the parties' stipulations. We therefore dismiss Morris' appeal to the extent that he challenges the stipulated sentence.

Accordingly, we affirm Morris' convictions and dismiss the appeal to the extent he challenges his sentence. This court requires that counsel inform Morris, in writing, of the right to petition the Supreme Court of the United States for further review. If Morris requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Morris.

We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>